Filed 12/22/22  P. v. Ceniceros CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PATRICK ANDREW CENICEROS,<br><br>    Defendant and Appellant. | G061555<br><br>(Super. Ct. No. 20CF0435)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

This is an appeal in which there is very little to say. Appellant was convicted in 2021 of a collection of serious crimes, including aggravated arson (Pen. Code, § 451.5) with a three-year enhancement for use of an accelerant and a five-year enhancement for a prior serious felony. The trial court stayed some punishments and constructed an 18-years-to-life term of imprisonment.

The legislature subsequently changed the law to give trial courts more discretion in imposing sentences for prior serious felony enhancements, so we affirmed appellant's conviction but remanded it to allow the trial court to exercise its discretion. The trial judge exercised that discretion but did not change his mind about the appropriate sentence. He reimposed the 18-years-to-life sentence.

Ceniceros appealed and we appointed counsel to represent him. Counsel reviewed the record in the case and concluded there was no issue he could argue that had a reasonable chance of success. He did not argue against his client but requested – as the law provides – that we independently review the case and see if *we* could find an issue that might be arguable. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)[1] Ceniceros was given the opportunity to write to us and tell us what issues he thought might be found in the record but did not respond.

It should be emphasized that a *Wende* review is not for arguments that would necessarily be successful, but merely arguments that could be argued, arguments whose proposal would not violate ethical prohibitions about frivolous appeals. Our review of the case was aimed at merely finding something an attorney could ethically argue in favor of reversal. We have made such a review and found nothing.

The statutory change that resulted in our reversal of the judgment in Ceniceros' first appeal did not require the sentencing judge to change his mind. It just

---

[1] Counsel cited *People v. Serrano* (2012) 211 Cal.App.4th 496 to us, as well, but in this case we believe resolution of the issue of whether this is a first appeal of right would not change the outcome so we see no reason to depart from standard *Wende* procedures.

said he could if he wished to.  It gave him the power he did not have when Ceniceros was first sentenced to *consider* a lesser sentence.

The judge here considered the possibility of a lesser sentence and rejected it.  Ceniceros' crimes were horrific, and the judge chose to impose a high sentence.  We see nothing here that would allow us to interfere with that choice.  And Ceniceros having filed nothing to augment his attorney's request for *Wende* review, we have no reason to inquire further.

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

3